IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

ZURICH AMERICAN INSURANCE　　　　　　CASE NO. 3:15-cv-01041-MMH-PDB
COMPANY,

　　　　Plaintiff,
vs.

SOUTHERN-OWNERS INSURANCE
COMPANY, a Michigan corporation,

　　　　Defendant.
_____/

**PLAINTIFF'S MOTION FOR LEAVE TO
FILE THIRD AMENDED COMPLAINT**

COMES NOW the Plaintiff, ZURICH AMERICAN INSURANCE COMPANY (hereinafter "ZAIC"), by and through the undersigned counsel, pursuant to Rule 15 of the Federal Rules of Civil Procedure and Rule 3.01 of the Local Rules for the Middle District of Florida, and hereby files its Motion for Leave to File Plaintiff's Third Amended Complaint, and in support thereof, states as follows:

1.　　This action arises out of an underlying premises liability action filed by Charles McMillan against ZAIC's insured, Catamount Constructors, Inc. (hereinafter "Catamount"), and SOIC's insured, Duval Concrete (hereinafter "Duval"), Case No. 2012-CA-13359, in the 4th Judicial Circuit in and for Duval County, Florida (hereinafter referred to as the "Underlying Action").

2.　　On March 30, 2017, the Court entered an Order dismissing Count I of ZAIC's

operative Second Amended Complaint (hereinafter "Complaint") seeking declaratory relief.[1] [D.E. 67]. The Court's dismissal was made without prejudice.

      3      Also on March 30, 2017, the Court entered an Order requiring the parties to confer and file a proposed schedule for the completion of the proceedings in this case. [D.E. 68]. The parties submitted the proposed schedule on April 17, 2017. [D.E. 69].

      4.     On April 20, 2017, the Court entered a Second Amended Case Management and Scheduling Order. [D.E. 70]. The Second Amended Case Management and Scheduling Order requires that motions to amend the pleadings are to be submitted to the Court by May 18, 2017.

      5.     The Court's dismissal of Count I of ZAIC's Complaint requires that ZAIC file a Third Amended Complaint to ensure that factual allegations made within the now-dismissed former Count I for declaratory relief, but which are still pertinent to this action as it goes forward, are included in the remaining operative counts.

      6.     ZAIC's proposed amended pleading does not change its causes of action or theories of recovery, nor does it plead or introduce any new facts previously unaddressed in this litigation. Thus there is no danger of prejudice to Defendant by permitting ZAIC to amend to make what are, in large part, only minor ministerial changes to its operative pleading.[2]

---

[1] The Court also dismissed the fee portion of Count II of ZAIC's Complaint for equitable subrogation. ZAIC has since sought reconsideration of the portion of the Court's order finding as a matter of law that ZAIC may not recover the reasonable attorney's fees and costs it incurred in defending Catamount in the Underlying Action. See D.E. 71.

[2] ZAIC has also clarified certain points addressed by the Court in its recent order with respect to Counts II and III of the Second Amended Complaint when denying SOIC's request for dismissal of these counts.

**Motion**

7. Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend pleadings should be freely given when justice so requires. *See* Rule 15(a)(2), Fed. R. Civ. P.

8. Plaintiff seeks to file its Third Amended Complaint in good faith.

9. The March 30, 2017 Order issued by the Court dismissed Count I of ZAIC's Complaint in which ZAIC explained the nature of the respective ZAIC and SOIC insurance policies, the contract containing insurance requirements and defining which insurer is deemed to be primary and which is excess, and discussing generally the primary vs. excess relationship between the two insurance carriers. As these facts are directly relevant to ZAIC's remaining two counts of equitable subrogation and/or equitable contribution, ZAIC must amend its Complaint to replead these facts.

10. Plaintiff insists it is necessary to file its Third Amended Complaint in order to maintain judicial efficiency and receive a just and speedy determination of this action on its merits as to the remaining counts/cause of action for all the parties.

11. Plaintiff's Third Amended Complaint would in no way prejudice Defendant and the determination of the issues will not be unduly delayed if such an Order is granted. *See* Rule 15(b), Fed. R. Civ. P.

12. Plaintiff has attached its proposed Third Amended Complaint as Ex. "1" to this Motion.

**Memorandum of Law**

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend pleadings should be freely given when justice so requires. *See* Rule 15(a)(2), Fed. R. Civ. P.

Even at trial, the "court should freely permit the pleadings to be amended when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." Rule 15(b)(1), Fed. R. Civ. P. Further, "in the absence of any apparent or declared reason, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. the leave sought should, as the rules require, be 'freely given.'" *Loggerhead Turtle v. County Council of Volusia County, Florida*, 148 F.3d 1231, 1257 (11th Cir. 1998) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In this case, ZAIC should be granted leave to file its Third Amended Complaint to replead facts that have been removed from the Complaint by virtue of the Court's dismissal of Count I, but that are equally germane and necessary to ZAIC's remaining counts/causes of action which remain active in this litigation. Plainly, Plaintiff requests leave to file its Third Amended Complaint absent bad faith, dilatory motive, undue prejudice, and futility of amendment. Accordingly, this Court should "freely" grant Plaintiff's Motion for Leave to File Plaintiff's Third Amended Complaint.

## Conclusion

There would be no resulting prejudice to SOIC by allowing Plaintiff to amend its Complaint, there has been no bad faith or undue delay on the Plaintiff's part, and the amendment would not be futile. *See* Rule 15(b), Fed. R. Civ. P.; *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1318 (11th Cir. 1999) (holding that leave should be liberally granted to amend pleadings); *Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1405 (11th Cir. 1994)

("in the absence of undue delay, bad faith, dilatory motive or undue prejudice, leave to amend is routinely granted") (quoting *Foman*, 371 U.S. at 181 (1962)).

WHEREFORE, Plaintiff, ZURICH AMERICAN INSURANCE COMPANY, respectfully requests this Honorable Court enter an order granting it leave to file Plaintiff's Third Amended Complaint, and require a response be filed thereto by Defendant, SOUTHERN-OWNERS INSURANCE COMPANY, by June 7, 2017, the date established in the Court's Second Amended Case Management and Scheduling Order. [D.E. 70].

Dated: May 18, 2017.

                Respectfully submitted,
                McINTOSH, SAWRAN & CARTAYA, P.A.

                By: ___*/s/ Dale S. Dobuler*_____
                     DOUGLAS M. McINTOSH
                     Florida Bar No.: 325597
                     dmcintosh@mscesq.com
                     DALE S. DOBULER
                     Florida Bar No.: 93403
                     ddobuler@mscesq.com
                     1776 East Sunrise Boulevard
                     Fort Lauderdale, Florida 33338
                     Telephone:   (954) 765-1001
                     Facsimile:    (954) 765-1005
                     *Attorneys for Zurich American*
                     *Insurance Company as Trial Counsel*

**Certificate of Compliance with Local Rule 3.01(g)**

Pursuant to Local Rule 3.01(g), counsel for the Plaintiff hereby certifies that they attempted to confer with counsel for SOUTHERN-OWNERS INSURANCE COMPANY via electronic mail on May 16, 2017 and on May 17, 2017, but counsel for SOUTHERN-OWNERS INSURANCE COMPANY did not respond, therefore, counsel for Plaintiff were

not able to confirm that counsel for SOUTHERN-OWNERS INSURANCE COMPANY opposes the relief sought herein.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 18th day of May, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below, in the manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF.

By: ___*/s/  Dale S. Dobuler*___
DOUGLAS M. McINTOSH
Florida Bar No.: 325597
dmcintosh@mscesq.com
DALE S. DOBULER
Florida Bar No.: 0093403
ddobuler@mscesq.com

## SERVICE LIST

**Michael Fox Orr, Esquire**
mfo@dawsonorr.com
**Giovanni W. Stewart, Esquire**
gws@dawsonorr.com
Dawson Orr, P.A.
50 North Laura Street, Suite 1675
Jacksonville, Florida 32202
Telephone:     (904) 358-8300
Facsimile:     (904) 358-8303
*Counsel for Southern-Owners Insurance Company*