**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ZURICH AMERICAN INSURANCE
COMPANY,

    Plaintiff,

vs.

Case No. 3:15-cv-01041-J-34PDB

SOUTHERN-OWNERS INSURANCE
COMPANY,

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Defendant Southern-Owners Insurance Company's Motion to Dismiss Plaintiff's Third Amended Complaint for Lack of Subject Matter Jurisdiction (Doc. 79; Motion), filed on June 14, 2017. Plaintiff, Zurich American Insurance Company (Plaintiff or ZAIC), filed a response on June 28, 2017. See Plaintiff, Zurich American Insurance Company's, Response to Defendant, Southern-Owners Insurance Company's, Motion to Dismiss Zurich's Third Amended Complaint [sic] (Doc. 80; Response). On July 5, 2017, Defendant, Southern-Owners Insurance Company (Defendant or SOIC), sought leave to file a reply, see Defendant, Southern-Owners Insurance Company's Motion for Leave to File Reply to Plaintiff's Response to Defendant's Motion to Dismiss (Doc. 81; Motion for Leave), which ZAIC opposed, see Plaintiff, Zurich American Insurance Company's, Response in Opposition to Defendant, Southern-Owners Insurance Company's, Motion for Leave to File Reply Briefing (Doc. 82). The Court entered

an order denying the Motion for Leave on July 11, 2017. See Order (Doc. 83). Accordingly, this matter is ripe for review.

I.  **Procedural History**

This dispute between two insurers arises from an underlying premises liability action, Case No. 2012-CA-13359, filed by Charles McMillan (McMillan) in the Circuit Court, Fourth Judicial Circuit, In and For Duval County Florida (Underlying Action). See Plaintiff, Zurich American Insurance Company's, Third Amended Complaint (Doc. 77; Third Amended Complaint), Ex. D: McMillan's Third Amended Complaint in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida, Case No. 2012-CA-13359 (Underlying Complaint). In the Underlying Action, McMillan asserted negligence claims against Catamount Constructors, Inc. (Catamount) and its subcontractor, Duval Concrete Contracting, Inc. (Duval; collectively, Underlying Defendants). See generally Underlying Complaint. After SOIC declined to defend and indemnify ZAIC's insured, Catamount, under a provision of the subcontract agreement between Catamount and Duval, ZAIC "resolved the Underlying Action on behalf of Catamount." See Third Amended Complaint ¶ 22.

On August 21, 2015, ZAIC initiated this action by filing a complaint against SOIC and McMillan. See Plaintiff, Zurich American Insurance Company's Complaint for Declaratory Judgment (Doc. 1; Initial Complaint). ZAIC filed an amended complaint against both Defendants on September 14, 2015. See Plaintiff, Zurich American Insurance Company's Amended Complaint for Declaratory Judgment (Doc. 5; Amended Complaint). After ZAIC resolved the Underlying Action on behalf of Catamount, ZAIC filed a second amended complaint on August 16, 2016, in which it dropped McMillan as a Defendant in

this action. See Plaintiff, Zurich American Insurance Company's, Second Amended Complaint (Doc. 42; Second Amended Complaint). SOIC moved to dismiss the Second Amended Complaint on September 1, 2016. See Defendant, Southern-Owners Insurance Company's Motion to Dismiss Zurich American Insurance Company's Second Amended Complaint for Failure to State a Cause of Action (Doc. 49; First Motion to Dismiss). After thorough briefing[1], on March 30, 2017, the Court entered an order granting in part, and denying in part, the First Motion to Dismiss. See Order (Doc. 67; Dismissal Order)

In the Dismissal Order the Court dismissed, for lack of subject matter jurisdiction, Count I of the Second Amended Complaint, in which ZAIC sought a declaration pursuant to 28 U.S.C. § 2201 that the insurance policy SOIC issued to Duval provided primary insurance coverage for Catamount, and as such, SOIC had a duty to defend and indemnify Catamount in the Underlying Action. Id. at 12-23. Additionally, the Court dismissed the portion of Count II of the Second Amended Complaint for equitable subrogation in which ZAIC sought attorney's fees and costs incurred in defending Catamount, id. at 23-30, but declined to dismiss Count III of the Second Amended Complaint in which ZAIC alleged a claim for common law contribution, id. at 30-34. However, on June 7, 2017, upon review of Zurich American Insurance Company's Motion for Rehearing and/or Reconsideration of the Court's Dismissal of its Fee Claim and Supporting Memorandum of Law (Doc. 71), the Court vacated the Dismissal Order "to the extent that it dismissed ZAIC's claim in Count II

---

[1]    ZAIC filed a response on September 15, 2016. See Plaintiff, Zurich American Insurance Company's, Response to Defendant, Southern-Owners Insurance Company's, Motion to Dismiss Zurich's Second Amended Complaint (Doc. 51). With leave, see Order (Doc. 53), on October 18, 2016, SOIC filed a reply to the First Motion to Dismiss Response, see Defendant, Southern-Owners Insurance Company's Reply to Plaintiff, Zurich's Response to Defendant's Motion to Dismiss (Doc. 54). In accordance with this Court's Order (Doc. 61), on February 9, 2017, the parties filed supplemental briefs. See Defendant Southern-Owners Insurance Company's Supplemental Brief Per January 30, 2017 Court Order (Doc. 64) and Plaintiff, Zurich American Insurance Company's Supplemental Briefing on Count I of its Complaint (Doc. 65).

of the Second Amended Complaint (Doc. 42) for equitable subrogation for defense attorney's fees and costs incurred in the underlying action." See Order (Doc. 78; Vacating Order).

In the Third Amended Complaint, which is now the operative pleading in this action, ZAIC seeks reimbursement for all defense costs and indemnity payments made in resolving the Underlying Action from SOIC on a theory of equitable subrogation (Count I), see Third Amended Complaint at ¶¶ 23-30, or in the alternative, on a theory of equitable contribution (Count II), id. at ¶¶ 31-36. In the Motion, SOIC argues that both counts of the Third Amended Complaint are due to be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure (Rule(s)). See generally Motion. Because the factual background of these claims is set forth in full in the Dismissal Order, the Court will not restate it here, and instead turns directly to the merits of the current Motion.

## II. Standard of Review

Attacks on subject matter jurisdiction based on Rule 12(b)(1) come in two forms–facial attacks and factual attacks. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990)). Facial attacks challenge subject matter jurisdiction based on the allegations in a complaint, and the Court takes those allegations as true in reviewing the motion to dismiss. Id. Factual attacks challenge subject matter jurisdiction based on the actual facts, and the Court may consider extrinsic evidence, such as testimony and affidavits. Id. In the Motion, SOIC's challenge focuses on the allegations in the Third Amended Complaint and the attached exhibits. Accordingly, the Court views this as a facial attack, and will limit the scope of its

review to the allegations contained in the Third Amended Complaint and the attached exhibits, and accept those factual allegations as true. As such, the Court will not consider the documents attached to the Response.

## III.  Discussion

In the Motion, SOIC contends that the Third Amended Complaint "is nothing more than a prayer for declaratory judgment disguised as a claim for equitable subrogation and contribution." See Motion at 3-4. Because the Court determined that ZAIC's claim for declaratory judgment failed to present a case or controversy sufficient to satisfy Article III, SOIC contends that the remaining equitable subrogation and contribution claims similarly fail to present a case or controversy. See generally id. "Article III of the U.S. Constitution limits the judicial power of the federal courts so that they may only exercise jurisdiction over 'Cases' and 'Controversies.' Accordingly, subject matter jurisdiction requires a justiciable case or controversy within the meaning of Article III." L.M.P. ex rel. E.P. v. Sch. Bd. of Broward Cnty., Fla., 879 F.3d 1274, 1280 (11th Cir. 2018) (internal citations omitted). Here, SOIC argues that the claims in the Third Amended Complaint are simply an attempt to recast ZAIC's request for declaratory relief as claims for equitable subrogation and contribution, and as such, the Court lacks subject matter jurisdiction. See Motion at 8. SOIC characterizes the Third Amended Complaint as a request for declaratory relief because ZAIC fails to request monetary damages in the "Wherefore" clause, and instead "seeks a 'judgment finding' various rights under the SOIC policy." Id. at 4 (citing the Third Amended Complaint at 9-10).

In the Response, ZAIC argues that "even a cursory reading of ZAIC's Third Amended Complaint makes clear that money damages are sought by ZAIC against SOIC."

5

See Response at 7. First, ZAIC contends that its "Wherefore" clause, properly interpreted, contains a request for monetary relief. Id. at 8. Specifically, in the "Wherefore" clause, ZAIC seeks:

> a judgment finding that (1) CATAMOUNT is an additional insured on the SOIC Policy and that SOIC is the primary insurer for CATAMOUNT for the Underlying Action; (2) that the ZAIC Policy is excess to the SOIC Policy and that the ZAIC Policy is non-contributory to the SOIC Policy with respect to the claims asserted in the Underlying Action; (3) that SOIC was obligated to defend and indemnify CATAMOUNT with respect to the Underlying Action; and (4) <u>that SOIC is obligated to reimburse ZAIC with respect to sums spent in defense and settlement of the Underlying Action as well as the payment of all costs and expenses related to this action</u> and granting ZAIC such further and other relief as the Court may determine to be just and proper.

See Third Amended Complaint at 9-10 (emphasis added). Next, ZAIC highlights its requests throughout the Third Amended Complaint for reimbursement from SOIC for the sums ZAIC expended in defending Catamount. See Response at 7-8 (citing the Third Amended Complaint ¶¶ 4, 24, 29, 32, 36). Further, ZAIC points to the allegation in which ZAIC asserts that it would submit papers for the Court's in camera review to determine the amount owed by SOIC. See Response at 7 (citing the Third Amended Complaint at ¶ 22).

Preliminarily, the Court observes that the Wherefore Clause of ZAIC's Third Amended Complaint, as well as the Third Amended Complaint when read as a whole, does appear to broadly seek reimbursement for "sums spent in defense and settlement of the Underlying Action." See Third Amended Complaint at 9-10. More importantly, even if the parties dispute whether ZAIC sufficiently requests monetary relief, the Court need not resolve this issue because the demand for relief is not part of ZAIC's claims. See Dixon v. NYK Reefers Ltd., No. 8:15-cv-1806-T-23JSS, 2016 WL 4162920, at *2 n.4 (M.D. Fla. Aug. 4, 2016) (citation omitted); MI Windows & Doors, LLC v. Liberty Mut. Fire Ins. Co., 123 F.

6

Supp. 3d 1332, 1341 (M.D. Fla. 2015); Smith v. Barrow, No. CV 311-044, 2012 WL 6519541, at *5 (S.D. Ga. Nov. 9, 2012), adopted, 2012 WL 6522020 (S.D. Ga. Dec. 13, 2012); Wilder v. Lawson, No. CV 110-109, 2011 WL 3704008, at *1 n.1 (S.D. Ga. Aug. 22, 2011), adopting, 2011 WL 3703398 (S.D. Ga. July 26, 2011); Cassidy v. Millers Cas. Ins. Co. of Tex., 1 F. Supp. 2d 1200, 1214 (D. Colo. 1998). The fact that ZAIC requests declaratory relief in its Third Amended Complaint does not transform ZAIC's equitable subrogation and contribution claims into declaratory judgment claims. ZAIC pleads facts plausibly stating claims under Florida law for equitable subrogation and contribution. That is what matters for purposes of determining whether ZAIC presents a case or controversy within the Court's subject matter jurisdiction, not the relief it seeks.

Notably, Rule 54(c) specifically instructs that every "final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."[2] See Indus. Dev. Bd. of Town of Section, Ala. v. Fuqua Indus., Inc., 523 F.2d 1226, 1235 (5th Cir. 1975) ("Under the liberal pleading standard required by the federal rules, the complaint here would seem to encompass relief based on any suitable theory."); Burton v. State Farm Mut. Auto. Ins. Co., 335 F.2d 317, 320 (5th Cir. 1964) ("The District Judge apparently thought that the pleadings limited the scope of available relief, and if that formally sought was not allowable none could be granted. This is not the law."), reh'g denied, (5th Cir. Sept. 11, 1964)[3]; Smoot, Jr. v. State

---

[2] Rule 54(c) also provides that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." However, this case does not involve a default judgment.

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Farm Mut. Auto. Ins. Co., 299 F.2d 525, 530 (5th Cir. 1962) ("[T]he judgment to be awarded in the Assured's suit is not to be measured by the formal prayers for relief. The scope and nature of the relief depends on the facts established.") (citation omitted). "'Thus, the only issue on a motion to dismiss is whether the claim as stated would give the plaintiff a right to any relief, rather than to the particular relief demanded.'" Doe v. Royal Caribbean Cruises, Ltd., No. 11-23323-CIV, 2012 WL 920675, at *2 (S.D. Fla. Mar. 19, 2012) (quoting Cassidy, 1 F. Supp. 2d at 1214) (denying a motion to dismiss a declaratory judgment claim even though the plaintiffs sought monetary relief.).[4] Indeed, a well-pleaded claim ought not be dismissed because a party misconceives the appropriate remedy. See Kent v. Walter E. Heller & Co., 349 F.2d 480, 481 (5th Cir. 1965) ("The fact that the appellant may have misconceived his cause of action, if any, or his remedy, would not have warranted the dismissal of his complaint" unless he was not entitled to relief based on the facts he pled in support of the claim.) (citation omitted); see also Thorington v. Cash, 494 F.2d 582, 586 (5th Cir. 1974) ("[A] request for a possibly inappropriate remedy in the pleadings, should not be held to vitiate a proper state law cause of action."); Korman v. I.R.S., No. 06-80848-CIV-COHN, 2007 WL 404041, at *3 (S.D. Fla. Feb. 2, 2007) ("[T]he request for an improper remedy is not fatal."); Reed v. Florida, No. 06-61056-CIV, 2007 WL 419467, at *2 (S.D. Fla. Feb. 2, 2007) (same); 5 Fed. Prac. & Proc. Civ. § 1255 (3d ed. 2017) ("Thus, the selection of an improper remedy in the Rule 8(a)(3) demand for relief will not be fatal

---

[4] Although the court in Cassidy addressed a motion to dismiss brought under Rule 12(b)(6), see Cassidy, 1 F. Supp. 2d at 1214, the principle stated is equally applicable to ZAIC's Motion brought pursuant to Rule 12(b)(1). Here, to address SOIC's argument that the Court lacks jurisdiction to adjudicate ZAIC's claims, the Court must determine the nature of ZAIC's well pleaded allegations, just as it would under Rule 12(b)(6).

to a party's pleading if the statement of the claim indicates the pleader may be entitled to relief of some other type.").

Consistent with these authorities, even assuming <u>arguendo</u> that ZAIC's request for declaratory relief for its equitable subrogation and contribution claims is improper, the Court nevertheless has subject matter jurisdiction over those claims. Notably, SOIC does not contend that ZAIC has failed to state equitable subrogation or contribution claims under Rule 12(b)(6), or that the Court would not have subject matter jurisdiction over a claim by ZAIC for equitable subrogation or contribution. As such, to the extent that SOIC seeks the dismissal of the Third Amended Complaint on the ground that ZAIC seeks declaratory relief, the Motion is due to be denied.

To the extent that SOIC characterizes this case as a declaratory judgment action because the Court will have to determine SOIC's coverage obligations to resolve ZAIC's equitable subrogation and contribution claims, the Motion is also due to be denied. <u>See</u> Motion at 4. SOIC contends that ZAIC "cannot recover damages against SOIC under any theory <u>absent a declaration</u> by the Court that Catamount is an additional insured under the SOIC policy and that McMillan's operative complaint triggers coverage under the SOIC policy." <u>Id.</u> (emphasis added). SOIC seems to suggest that the Court cannot make the factual findings necessary to resolve ZAIC's claims outside the context of a declaratory judgment action. This contention is without merit. A factual or legal finding necessary to resolve a dispute is not a declaratory judgment. <u>See</u> <u>Cassaboon v. Town of Somers</u>, 359 F. Supp. 2d 320, 325 n.4 (S.D.N.Y. 2005) ("[T]he 'declaratory judgment' claim is not really a claim at all, but rather a factual finding necessary for plaintiffs to prevail on their trespass claim."). Indeed, as ZAIC asserts in the Response, courts routinely determine insurers'

coverage obligations without issuing declaratory judgments. See Goldberg v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 143 F. Supp. 3d 1283, 1291 (S.D. Fla. 2015); see also Pub. Risk Mgmt. of Fla. v. One Beacon Ins. Co, 569 F. App'x 865, 869-73 (11th Cir. 2014) (per curiam) (reversing a district court's dismissal of a breach of contract claim based upon a finding that the allegations in an underlying complaint did trigger the defendant-insurer's duty to defend); Royal Bahamian Ass'n Inc. v. QBE Ins. Corp., 750 F. Supp. 2d 1346, 1348 (S.D. Fla. 2010) (granting summary judgment on insurance coverage issues in the context of a breach of contract action after determining coverage obligations under the policy).

For example, in Sinni v. Cullen, No. 6:08-cv-1787-Orl-31KRS, 2009 WL 1046141 (M.D. Fla. Apr. 20, 2009), the court dismissed the defendant-insurer's counter-claim seeking a declaratory judgment regarding whether the plaintiff's injuries were covered and whether the insurer owed a duty to defend and indemnify the underlying defendants. Id. at **1, 3. Nevertheless, to resolve the plaintiff's claim seeking to enforce the terms of a settlement agreement reached in the underlying action, the court granted a motion to bifurcate the coverage issues—whether the defendant-insurer had duty to defend and indemnify the plaintiff in an underlying litigation—from the damages issues—whether the settlement reached in the underlying action was reasonable. See Sinni v. Scottsdale Ins. Co., No. 6:08-cv-1787-Orl-31KRS, Doc. 50 (M.D. Fla. Aug. 17, 2009) (order granting Defendant/Counter-Plaintiff Scottsdale Insurance Company's Agreed Motion to Bifurcate and for Abatement and Incorporated Memorandum of Law (Doc. 49), filed on August 14, 2009). In the end, the court resolved the coverage issues on summary judgment without issuing a declaratory judgment. See Sinni v. Scottsdale Ins. Co., 676 F. Supp. 2d 1319, 1329, 1333 (M.D. Fla. 2009), as amended (Jan. 4, 2010).

Here, the Court similarly may make findings regarding SOIC's coverage obligations to the extent they are necessary to resolve ZAIC's equitable subrogation and contribution claims, despite having dismissed ZAIC's declaratory judgment claim in the Second Amended Complaint. See Housing Enter. Ins. Co., Inc. v. AmTrust Ins. Co. of Kan., Inc., 212 F. Supp. 3d 1330, 1338, 1342 (N.D. Ga. 2016) (dismissing a declaratory judgment claim and upholding an equitable contribution claim based on the court's finding that the defendant was a primary insurer)[5]; Ohio Cas. Ins. Co. v. Cont'l Cas. Co., 279 F. Supp. 2d 1281, 1282 n.1, 1286 (S.D. Fla. 2003) (dismissing claims for equitable subrogation and contribution upon the court's finding that the loss was not covered by the defendant-insurers policies); Galen Health Care, Inc. v. Am. Cas. Co. of Reading, Pa., 913 F. Supp. 1525, 1528-30, 1532-33, 1536 (M.D. Fla. 1996) (granting summary judgment in favor of plaintiff on the issue of priority of policies with respect to its equitable subrogation claim); Phoenix Ins. Co. v. Fla. Farm Bureau Mut. Ins. Co., 558 So.2d 1048, 1050-51 (Fla. 2d DCA 1990) (determining which insurer was primary and which was excess in the course of resolving an equitable subrogation claim); U.S. Auto. Ass'n v. The Hartford Ins. Co., 468 So. 2d 545, 546-47 (Fla. 5th DCA 1985) (same). Indeed, courts routinely adjudicate equitable subrogation claims outside the context of claims brought under the Declaratory Judgment Act. Thus, to the extent SOIC argues that ZAIC may not bring equitable subrogation and contribution claims in the absence of a claim for declaratory judgment, which the Court would not have jurisdiction to adjudicate, the Motion is due to be denied.

---

[5] Although the court made its coverage findings on the basis of Georgia law, see Housing Enter. Ins. Co., Inc, 212 F. Supp. 3d at 1339, the case is applicable to the extent that it demonstrates that equitable contribution claims may proceed independently of declaratory judgment claims.

The Court is not persuaded by SOIC's argument that the Third Amended Complaint "is nothing more than a prayer for declaratory judgment disguised as a claim for equitable subrogation and contribution" over which the Court lacks subject matter jurisdiction. See Motion at 4. Accordingly, the Motion is due to be denied.

The Court also notes that on February 9, 2018, ZAIC filed a motion requesting a pretrial conference and oral argument on the Motion and the parties' pending cross-motions for summary judgment. See Plaintiff, Zurich American Insurance Company's Motion Requesting a Pretrial Conference and Oral Argument on Pending Dispositive Motions (Doc. 99; Motion for Oral Argument); Plaintiff, Zurich American Insurance Company's Motion for Final Summary Judgment (Doc. 88); Defendant, Southern-Owners Insurance Company's Motion for Final Summary Judgment (Doc. 94). On February 15, 2018, SOIC filed a response opposing ZAIC's Motion for Oral Argument. See Defendant Southern-Owners Insurance Company's Response in Opposition to Plaintiff's Motion Requesting Pretrial Conference (Doc. 100). To the extent that ZAIC seeks to present oral argument on the Motion, the Motion for Oral Argument is due to be denied as moot. Further, upon review of the record, the Court is of the view that oral argument is not likely to assist the Court in resolving the cross-motions for summary judgment. Therefore, the Motion for Oral Argument is due to be denied at this time.

Accordingly, it is **ORDERED**:

1. Defendant Southern-Owners Insurance Company's Motion to Dismiss Plaintiff's Third Amended Complaint for Lack of Subject Matter Jurisdiction (Doc. 79) is **DENIED**.

2. Plaintiff, Zurich American Insurance Company's Motion Requesting a Pretrial Conference and Oral Argument on Pending Dispositive Motions (Doc. 99) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of February, 2018.

MARCIA MORALES HOWARD
United States District Judge

lc25
Copies to:
Counsel of Record