**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ZURICH AMERICAN INSURANCE
COMPANY,

    Plaintiff,

v.                                  Case No. 3:15-cv-1041-J-34PDB

SOUTHERN-OWNERS INSURANCE
COMPANY, a Michigan corporation,

    Defendant.

# O R D E R

**THIS CAUSE** is before the Court sua sponte. On June 27, 2019, the parties filed a Joint Motion to Vacate Certain Orders and Final Judgments and Supporting Memorandum of Law (Doc. 134; Motion). In the Motion, the parties asked the Court to vacate its May 21, 2018 Order (Doc. 109) and resulting Final Judgment (Doc. 116) pursuant to Rule 60, Federal Rules of Civil Procedure (Rule(s)) in order to facilitate a settlement of this action. See Motion at 1-4. However, because the case was still on appeal at that time, the parties requested that, if the Court was inclined to grant the motion, it enter an indicative ruling pursuant to Rule 62.1 stating its intention to do so if the matter were to be remanded for that purpose. Id. The Court reviewed the relevant standards and found the parties had shown that the entry of an indicative ruling was warranted in this action. See generally Order (Doc. 137), entered August 6, 2019. As such, on August 6, 2019, the Court entered an Order stating that it would vacate the May 21, 2018 Order and

resulting Final Judgment if the Eleventh Circuit Court of Appeals remanded the case to this Court for that purpose. See id. at 5. The parties then filed a motion with the Eleventh Circuit requesting dismissal of the appeal and remand to this Court. See Notice of Filing (Doc. 139).[1] On December 20, 2019, the Eleventh Circuit granted this request, withdrew its prior opinion affirming the May 21, 2018 Order, and remanded the matter in full to this Court. See Order of USCA Remanding Appeal (Doc. 141). As such, the Court now has jurisdiction to address the parties' request for vacatur.

Pursuant to Rule 60(b)(6), and for the reasons stated in the Court's August 6, 2019 Order, the Court finds it appropriate to vacate the May 21, 2018 Order and resulting Final Judgment. See Hartford Cas. Ins. Co. v. Crum & Forster Specialty Ins. Co., 828 F.3d 1331, 1336-37 (11th Cir. 2016); see also Henns v. Mony Life Ins. Co. of Am., No. 5:11-cv-55-J-37TBS, 2012 WL 13059258, at *1 (M.D. Fla. June 13, 2012). In light of the foregoing, it is

**ORDERED:**

1. The Court's May 21, 2018 Order (Doc. 109) and resulting Final Judgment (Doc. 116) are **VACATED** as requested by the parties to facilitate settlement.

2. The parties shall have until **March 6, 2020**, to file a joint stipulation of dismissal or other appropriate documents to close out this file.[2]

---

[1] Although the Eleventh Circuit had issued an unpublished decision affirming the Court's May 21, 2018 Order, the appeal remained pending based on a petition for rehearing.

[2] The Court notes that the parties' Conditional Settlement Agreement and Mutual Release (Doc. 134-1; Agreement) appears to contemplate that this Court will retain jurisdiction to enforce the terms of the Agreement. See Agreement ¶ 3.B. While the Court wishes to help the parties facilitate their settlement, the Court will not routinely retain jurisdiction to enforce the terms of a private settlement agreement. If the parties intend to seek such relief, they must file a brief with the Court, no later than **February 6, 2020**, as to why the Court should retain jurisdiction to enforce the terms of the Agreement and, if so, the duration of the retention of jurisdiction. Alternatively, the parties may submit a stipulation of dismissal which omits the reference to the Court's retention of jurisdiction.

3. If the parties have not filed settlement pleadings or a request for additional time by the **March 6, 2020** deadline, this case will automatically be deemed to be dismissed without prejudice.

**DONE AND ORDERED** in Jacksonville, Florida this 9th day of January, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record